IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

AMIDOOLI PACHECO,

Petitioner,

v  No. 1:10-cv-00923-RB-WDS

BILLY MASSENGILL,
WARDEN Regional Correctional
Center,

Respondent.

## ORDER GRANTING IN PART MOTION FOR RULING ON ENUMERATED CLAIMS

THIS MATTER comes before the Court on Plaintiff's Motion for a Ruling on Enumerated Claims.  Petitioner, through counsel, filed a petition for habeas corpus pursuant to 25 U.S.C. ' 1302-1303.  He alleges in the petition that he is an enrolled member of the Pueblo of Kewa, a federally recognized Indian Tribe in New Mexico.  Petitioner alleges that tribal officials entered and searched his residence without a warrant, illegally arrested and detained him, and prosecuted him without due process. On September 9, 2009 Petitioner was sentenced to two years of incarceration, a sentence which Petitioner alleged was in violation of 25 U.S.C. ' 1302-1303, and which sentence Petitioner was serving at Regional Correctional Center ("RCC") at the time of the filing of the petition.

Petitioner originally named the following Respondents:  Billy Massengill, Warden of Regional Correctional Center; George Zoley, Chief Executive Officer of Geo Group, Inc.; and the Pueblo of Kewa, (Formerly known as the Pueblo of Santo Domingo.  The Court, *sua sponte*, dismissed all Respondents except the warden, Billy Massengill, and ordered an answer.  (Document 4)

On October 27, 2010 District Judge Robert C. Brack granted Petitioner's writ insofar as it

sought Petitioner's release from prison. This motion followed, in which Petitioner asks the Court to address the remaining issues in his petition, which are matters addressing the actions of tribal officials.

Warden Massingill was the proper respondent when Petitioner was incarcerated. *See Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) (holding that in cases involving present physical confinement, the proper respondent is the warden of the facility where the prisoner is being held). Since filing his Petition, however, Petitioner has been released and is no longer in the present physical custody of Warden Massingill, or of any other person. The proper respondent in such cases is "someone (or some institution) who has both an interest in opposing the petition if it lacks merit, and the power to give the petitioner what he seeks if the petition has merit—namely, his unconditional freedom." *Poodry v. Tonawanda Band of Seneca Indians*, 85 F.3d 874, 899 (2d Cir. 1996) (quoting *Reimnitz v State's Attorney of Cook County*, 761 F.2d 405, 408–09 (7th Cir. 1985)). Warden Massingill does not meet this definition.

In this case, Petitioner attacks the actions of tribal officials who he claims violated various of his constitutional and civil rights in connection with criminal proceedings in Tribal Court. Though Petitioner's allegations are leveled at the "Indian Tribe," the tribe itself is not a proper respondent. *Poodry*, 85 F.3d at 899 (holding that "[b]ecause a petition for writ of habeas corpus is not properly a suit against the sovereign, the [tribe] is simply not a proper respondent"). Furthermore, whom the Petitioner has named as respondents and served is irrelevant. In a habeas case, the clerk of court is responsible for service and a "respondent is not required to answer the petition unless a judge so orders." 28 U.S.C. § 2254 R. 1(b), 4, 5(a). The "custodian" and proper respondent is the official who has an interest in opposing the Petition and also the power to grant

Petitioner what he seeks.

IT IS THEREFORE ORDERED that Petitioner's motion is granted to the extent that the Clerk shall substitute "Governor, Pueblo of Kewa or Official, Kewa Pueblo Tribal Court (formerly known as the Pueblo of Santo Domingo)" as the sole named Respondent in place of Billy Massengill, Warden, Regional Correction Center. Once that is accomplished, the Court will order the new Respondent to answer the petition. To the extent that the instant motion could be construed to seek substantive relief, i.e., a determination that Petitioner's rights were violated by Respondent, that is a determination that will only be addressed subsequent to service of the amended petition.

IT IS SO ORDERED.

_____
W. DANIEL SCHNEIDER
UNITED STATES MAGISTRATE JUDGE